18-12-42 Eagle Industries, Inc. v. Miniature Precision Components May it please the this appeal presents to would it be fair to say that on appeal you're not challenging the claim construction yes your honor that's absolutely fair okay so your contention is that what that there has to be some process some sort bonding process which is part of the process covered by the claim is that what it is no your honor as a matter of fact what we're saying is that the word embedded in the in the claim construction for embedded protective coding has to have some structural meaning and in this case the parties actually agreed as to what both the construction was and the import of that construction of that construction the party said that an embedded protective coding is one that is integrated and firmly affixed but that that integration results in a coding that is an intro intro an integral component with the underlying engine coding and that results in a single piece okay but what column three beginning around line 45 seems to describe exactly what's in polytech that is spray coating on the phone and it it then goes on to say and in mold embedded coating so why doesn't that suggest that what you have in polytech is an embedded coating so for that your honor I'd point you to so first of all the citation that you're pointing to is about a method of manufacturing it's not about a end product you have to assume that the end product structure necessarily and certainly follows from the use of that structure in order for you to identify that the disclosure of the method of manufacture spraying a coating constant discloses the underlying structure of what happens after you spray that coding and here the only evidence that was submitted by either party related to what structure results from the methods that the Board of Patent Appeals identified that was in mold coating and spray coating sure I mean polytech involves spray coating right it does involve that method of manufacture yes okay and so this then says paint referring to the spray painting can form an in mold embedded coating that would seem to be a problem for you because that seems to suggest that this spraying process can form an embedded coating we we don't disagree that the method might result in that structure but the evidence that was submitted here is that polytech does not polytech and I point you to appendix 637 to 639 which was the testimony of dr. Herman relating to polytech and the method that you're talking about right there just getting back to judge Dex question about this I mean we're trying to understand what the word embedded means and this spec seems to say you spray the coating mold right and then you're gonna have an in cover after you inject inject the foam materials into the mold well this this is work so if sorry you're on if that's what this specification of the patent tells us how to understand embedded there doesn't seem to be any more extra requirements on that meaning and this disclosure judge Dyke points out mirrors the disclosure and polytech so what more is needed to accomplish embedding other than you spray the paint into the mold in the context of the five nine two patent the abstract of the invention the background any invention differentiates the invention in the five nine two patent from the multi-layer structures in the prior art you mean the multi-piece structures multi-piece multi-layer in this case both parties well no nobody agrees that multi-piece means multi-layer well you agree to that but that's just you well and dr. Herman does as well okay okay great you have an expert that says keep going so but when multi-piece or multi-layer whatever label you want to put on it what it's describing is a distinction between levels within your brief at page 9 says quote the cover in polytech however is a quote-unquote multi-piece cover and then you cite some pages from polytech when I looked at a 521 a 525 and a 529 I did not see the term multi-piece anywhere we may have quoted word multi-piece in your brief well it's going on there well within poly your honor if we misquoted there then I apologize what polytech does say is it's a multi-layer cover and it discloses that at in the abstract of the invention at page 3 line 11 where it piece be embedded in the other well in within the 592 patent they just look but what's the answer that I mean there's not it's not inconsistent to have a multi-layer cover where one layer is embedded in the other well I don't think on this record there's no evidence of how answer my question I'm trying to try again okay there's nothing inconsistent with having a multi-layer cover where one layer is embedded in the other layer right I don't quite know how to answer that question your honor I the word embedded has to have a meaning here and so how one would embed one layer into another layer so that the two layers are form an integral component with one another and form a single piece as the board interpreted I don't have that information the board down below suggested there might be a way of physically interacting two layers a multi-layer structure to make it one layer integrate into the other or embed into the other but there's no expert testimony nor am I aware of any technology that would facilitate that kind of a connection I mean you as I understood your expert your expert was saying how well to understand the word embedded what that really means is you spray the paint into the mold and then you don't let it fully cure normally it's always fully cured and then you don't let it fully cure and then you inject the foam into the mold and then with the non fully cured paint it somehow integrates with the foam so that it all chemically bonds together that was as I understand your expert testimony that's correct to what embedded means and the problem I have with that is there's just no written description support for all of this I that's truly your point of novelty of injecting the foam materials into the mold before the sprayed on paint fully cures that seems like some after-the-fact invention by the expert and not actually anything that's part of the four corners of the 592 specification that's the concern I have right now I don't see anything in the 592 that that has this elaborate explanation that the expert came up with I direct you again to the discussion in the background that differentiates the the Eagle patent or the 592 patent from the prior art that talks about separate layers adhering one layer to another layer as opposed to the embedded coating that's disclosed in the 592 patent dr. Herman understood what it terms of the eventual function of her structure of a final embedded coating and so I think that there's expert testimony here that supports the construction as one of ordinary skill in the art reviewing the term and again the term embedded needs to have a meaning here and it has to be something different than as both parties have identified having two layers that are just adhered to one another I see I'm in my rebuttal time I'm happy to answer any questions otherwise I'll let healthy speak okay thank you yeah good morning may it please the court I mean the simple issue here is whether polytech teaches the embedded protective coating limitation of the 592 patent and and I appreciate your honors acknowledging that we do not have agreement on claim construction we proposed a claim construction they come back and say that they agreed to but try to do a little bit of linguistics about layer and piece the simple fact is under the court's claim construction their expert agrees that the poly down the claim construction but not in the interpretation you're right your honor that distinct correct we agree on the claim construction but with the impact or the application of that to polytech the simple fact is that their expert everyone agrees that the polytech reference results in a one-piece engine cover having a foam core as well as a design surface that can either be a spray skin or an in mold coating and that's really all that was required because that's all that the claim required and as they sit here and they try to dissect the teachings of polytech about that there's not substantial evidence to support the board's decision about polytext teaching the irony is is that because your honor noted what polytech teaches the sufficiency of the disclosure of polytech is exactly the same disclosure that's in the 592 patent the 592 patent makes clear as the board found when you're looking at what the embedded protective coating is that the invention the same as polytech was to solve the problem that existed that required two separate engine covers one that had a foam body and then another one that was in the design surface with a separate plastic piece that had to be attached what the applicant and the patentee told the patent office in the background was that required two pieces our novelty is that we've got one piece it wasn't in some special process of in mold coating in mold coating at that time was well known it was particularly well known in the automotive industry what they told the public is that we have been able to apply an in mold coating such that we've got it all in a single piece and that's the exact same thing that the polytech reference taught it sought to solve the same problem it sought to do it in the exact same way by providing a single structure in the example coatings that it provided to apply to the design surface were exactly the same as existed in the 592 patent and your honors that really is this case in a nutshell unless your honors have any question just speak to the is it dr. Herman the expert on the other side 639 to 637 639 that look at polytech because each of the layers of paint is being cured before foam ever gets into the process that's the two different processes you're not going to have an embedding why is what did the board do with that test well the the board looked at that testimony as they were advancing it because he was bond they were saying that the embedded protective coating required that there be a bond between the foam body as well as the coating such that it became a quote-unquote single layer such that it became an integral homogenous structure and the board said that's not required that's not what the claim says I mean there is no evidence in either the 592 patent that that's really the process that's being employed similarly there's not evidence in polytech that it's not but what mr. Herman or dr. Herman did also say under in testimony and it's I get to the site here in a second but asked him how is it that this chemical bond is achieved meaning how do we know and he says it's based on compatibility of materials if you have a polyurethane foam and you have a polyurethane paint which is what's disclosed in the 592 patent you're going to have the reaction because they're compatible to yield a chemical bond but you look at polytech and this is from dr. Wagner's testimony as well they also disclose a polyurethane foam it's exactly the same the same density as what exists in the 592 patent they also disclose a polyurethane spray skin so even the cured or uncured makes no difference it I guess it could make a difference as to whether or not there's different layers your honor I guess that is their argument as to whether or not they're adhered but they're not made homogenous but that's just something that's not something that's required by the claims and the irony is it your view that the the prior art does not have to teach that the result is integral the prior art has to teach that the there is an integral engine cover a one-piece engine cover that has both a foam body and the polytech does use the word integral it all uses integral skin it uses doesn't use one piece but it makes it clear that yes that was the language I was looking for your honor yes and and you can look in figures two and three where it figure three is a figure two is a cross-section figure three is a perspective view where they're describing the foam body having the design surface and then if you look at figures five four or five I believe it is where they make clear that they're there for pedestrian purposes that they actually attach a plastic piece over top of the foam and so that part of the upper foam surface is serving as the element some of it is not but the point being is that's later but as to these embodiments they're making it entirely clear that the foam the upper part of the foam surface is the design surface that it's all in one piece it doesn't matter whether or not it's a there's a so polytech when it says integral it's talking about it understands integral to mean a single piece multiple layers but a single piece yes your honor that's exactly right they're basically saying we've got a foam body and then you've basically got a layer of paint on it how that layer of paint or how that coating gets attached is just simply not a requirement of this claim as the board found nor can they point to anything in the specification by list your otherwise that's going to support such a construction as your honor noted it's really just a and after the fact machination of their expert to try to come up with some distinction between the claim and the prior art okay thank you mr. thank you mr. Karen I did want to address the question that judge changes raised about the use of the word integral in the polytech patent so the word integral is used three times one time to use to refer to what's called integral skin and as the testimony of dr. Herman showed us that term integral skin does not refer to the relationship between the coating and the underlying foam it refers to a particular product it's a matter of fact it refers to a term of art for a particular kind of way of making foam and as dr. Herman testified that way of making foam can't actually isn't relevant here because even under modern technology they can't make the foam medium density in the middle of it and so therefore even if it has a skin it's for an irrelevant product now the most I think interesting and I think misleading part of the polytech reference and where I think that the board went astray here relates to what I think this panel has has referenced is the reference in paragraph three to a design surface and it being formed as part of the sound absorber now we need to be clear here the allegation based on petitioners allegation and based on the board was that there is a coating that is applied using particular methods so the coating is applied someplace well where is it applied paragraph 3 or page 3 lines 4 to 5 state that there is a design surface that is a part of the product in the design surface can be optically enhanced for instance by surface treating and I skip some words down to the end by surface treating the phone body for instance using in mold coating or p.u. spray skin or p.u. casket so the design surface is not the code it is the surface on which the coating is applied and there is no disclosure in polytech that says that there isn't any sort of a relationship between the coating that is applied using those methods and the underlying design surface instead what the next sentence says and this is page 3 line 11 the present invention relates to a multi-layer cover now I understand that there's some distinction here between layer and piece but that disclosure is telling us that the design surface which in four and five is discussed as being a part of the underlying sound absorber the same phone material it's being used throughout that design surface has a surface of placed on top of it which polytech then refers to as a multi-layer so what is the layer the layer is that extra coating that's applied using the method of manufacture that's disclosed now we understand the the challenge on the claim construction the parties here however have agreed that the term embedded must it means integrated and firmly affixed but incorporated and firmly fixed thank you your honor sorry incorporated and firmly affixed if it's incorporated the question is incorporated how in there has to be some structural meaning to that term and here the only evidence that was presented as to the relationship between the coating and the underlying foam comes from patent owners expert all of the other testimony from dr. Wagoner well the 592 specification says what it says and well in but to one of ordinary skill in the taking a look at that specification seeing that the difference between the prior art and this is the difference between having one layer and two layers and that the fact that the word embedded has to have some structural meaning that dr. Herman testified about what that meaning meant now to him it meant a chemical bond between the two the board disagreed and said there might be some sort of physical integration of the two layers either way it requires a particular structural relationship and one that we believe that is not shown here it can't be shown by just assuming the structure produced is produced from a particular function or from a particular manufacturing method okay thank you mr. chairman thank you both counseling cases submitted that concludes our session